Benjamin Gassman, J.
This is a motion in the nature of a writ of error coram nobis. On March 23, 1954 the defendant pleaded guilty to the crime of rape in the first degree before Hon. Bernard Koziciie, to cover a 12-count indictment which accused the defendant of robbery in the first degree, grand larceny in the second degree, assault in the second degree, carrying a dangerous weapon, after prior conviction, and rape in the first degree. At the time the defendant pleaded guilty, he was represented by a Legal Aid attorney assigned to him by the court on his application. On May 26, 1954, when the defendant appeared for sentence, he was arraigned on an information filed by the District Attorney pursuant to section 1943 of the Penal Law, in which he was charged with having been previously convicted on July 3Q, 1943 in the County Court of Orange County of the crime of burglary in the third degree on which he was sentenced to the New York State Vocational Institute, and with having been convicted on October 6,1949 in the Court of General Sessions, County of New York, of the crime of attempting to commit grand larceny in the second degree, on which he was sentenced to State prison for a term of from two to four years. At that arraignment, the defendant was represented by another attorney of the Legal Aid Society. In answer to the question as to whether he was the same person named in that information, the defendant personally requested permission to withdraw his plea of guilty and asked for an adjournment, that he might retain his own attorney, Mr. Harrison Jackson. He then stated: 611 acknowledge I am the same person mentioned in the'information, but the information is erroneous ’ He was then questioned by the court as follows:
“ the court: Now, when the plea was taken do you remember the date March 23, 1954, when you appeared before Me?
“ the defendant: Yes.
‘ ‘ the court : Here is what I asked you.
“ ‘ Q. Charles E. Morrow, is that your name? A. Yes.
“ ‘ Q. Do you also have the name of Charles Brown? A. Yes, sir.’
*874 “ This all is taken from the minutes of that day. Then the question—‘ Now this gentleman here is Mr. Moldow and he is a representative of the Legal Aid Society and he is representing you as your attorney. Now is that the fact? A. Yes, Sir.
‘ ‘ Q. He just told me that you wish to withdraw your plea of not guilty to the Indictment and now wish to plead guilty to rape in the first degree under the fifth count of the indictment. Is that the fact? A. Yes, Sir.
‘ ‘ Q. Listen carefully now to this fifth count of the Indictment. The Grand Jury indicted you under the fifth count and charged you with the crime of rape in the first degree in that on or about August 26, 1953, you perpetrated in act of sexual intercourse with a woman, not your wife, against her will and without her consent. Do you plead guilty to that? A. Yes, sir.
“ Q. Now, have any promises been made to you as to the sentence that is likely to be imposed upon you? A. No, sir.
“ Q. Do you do this of your own free will, Mr. Morrow? A. I think it is the best thing.
“ Q. And you don’t expect anything? A. No.
“ Q. You understand that you may go to prison? A. Yes, sir.
“ Q. Understand that? A. Yes, sir.’
“ Q. You remember that?
“ the defendant: Your Honor, when I was in court I remember some of it. When I was in court things were moving so fast and upon the mis-information of my lawyer I did what I thought was best at the time.
“ the court : Your application to withdraw your plea of guilty is denied. You say you stand mute as to the information charging you as a second and third offender?
“ the defendant: Yes, Sir.”
The court then set June 9, 1954 as the date of trial on the said information. On that date, the trial was adjourned to June 17,1954.
On June 17, 1954 the defendant appeared in court and was then represented by Mr. Harrison Jackson, his own attorney. At the request of Mr. Jackson, the information was once again' read to the defendant and after arraignment, the defendant stated: “ I don’t know whether to admit or not ”. A colloquy ensued between the defendant, his attorney, and the court, at the conclusion of which, the defendant stated: “ I admit I am the person ”. On the application of defendant’s attorney, sentence was adjourned to June 24, 1954, and later to August 25, 1954.
On August 25,1954 sentence was adjourned to August $6,1954 because defendant’s attorney was not present in court. On the *875 adjourned date, sentence was further adjourned to October 4, 1954 because of the failure of defendant’s attorney to appear in court.
On October 4, 1954 defendant appeared by a new attorney, Mr. John N. Griggs, who requested that sentence be adjourned to October 11, 1954, and his request was granted.
On October 11,1954 defendant was in court with his attorney, Mr. John N. Griggs. He was again arraigned on the aforesaid information, and then denied that he was the same person mentioned in that information. The court then set the trial on the information for October 25, 1954. On the latter date, the trial was adjourned to November 1, 1954, and then to November 15, 1954, and then again to November 22, 1954, on which date, the defendant was tried before Judge Kozicke and a jury in Part VI of this court. He was represented at that trial by counsel of his own choosing. The jury rendered a verdict that the defendant was the same person mentioned in that information.
The defendant was then sentenced to State prison for a term of not less than 30 years nor more than 35 years.
On the present application, the defendant seeks to set aside the judgment of conviction entered on his plea of guilty to rape in the first degree. He alleges that ‘ ‘ the guilty plea was procured by mental coercion, duress and collusion”, that “ upon the trial of November 22, 1954, the prosecution suppressed evidence favorable to the defendant ’ ’ and that ‘ ‘ the verdict of the jury on November 22, 1954, was procured by the prosecution’s employment of trickery and fraud ’ ’. He further alleges that the 1949 conviction was void in that “ the defendant was never informed of his rights ”.
The record discloses that at the November 22, 1954 trial, the People submitted to the jury evidence of the defendant’s previous two convictions and also competent proof that the fingerprints of the person named as defendant in the two prior cases and the fingerprints of the defendant taken at the time he pleaded guilty in the instant case were the prints of one and the same person. The defendant took the witness stand and denied that he was the same person previously convicted. The jury did not believe the defendant and rendered a verdict to the effect that he is the same person mentioned in the information filed pursuant to section 1943 of the Penal Law.
At the time the defendant pleaded guilty to rape in the first degree, he was represented by competent counsel assigned by the court on his rquest. His present charge that his assigned lawyer “misinformed him” is not borne out by any credible proof. Even if that were true, it would still not be a basis for *876 coram nobis. As the Court of Appeals stated in People v. Brown (7 N Y 2d 359, 361): “ Coram nobis may not be availed of to remedy counsel’s negligence or error of judgment. It would be folly indeed for the courts to sit and hear disappointed prisoners try their former lawyers on charges of incompetent representation. Absent evidence that the Trial Judge appointed an attorney who was unfit to defend the accused or that the Judge allowed counsel to continue to act after it appeared that his representation was such as to make the trial a farce and a mockery of justice, the fact, if it was one, that assigned counsel made an error of judgment or of tactics during the course of a trial is an insufficient ground for coram nobis and, this being so, it would be futile to have a hearing ”.
Again, in People v. Tomaselli (7 N Y 2d 350, 356) the Court of Appeals said: “An effective assignment there must be, but this does not mean that a court, once it has appointed a membór of the Bar to act for the defendant, must stand as surety for the proper performance of counsel’s professional duty ”.
There is no factual proof submitted by the defendant to indicate that there is any basis for his charge that his assigned lawyer did not properly or competently represent him on March 23, 1954 when the defendant pleaded guilty in the instant case. Furthermore, when the defendant expressed dissatisfaction with his assigned lawyer and expressed a desire to retain his own lawyer, he was given an opportunity to do so and was, in fact represented by counsel of his own choosing at the trial of November 22,1954 and on sentence.
The charge now made by the defendant that the “ prosecution employed trickery and fraud ” and that his plea of guilty in the instant case “was procured by mental coercion, duress and collusion ” is not substantiated by any proof. There is no merit to this application and it is accordingly denied.
The District Attorney is directed to serve a copy of this decision and order upon the defendant at his place of incarceration.